IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| KIRK ASA FREGIA, <br> Institutional ID No. 1475072, <br> SID No. 03961129, <br> Previous TDCJ ID No. 900120, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN R. SWIFT, *et al.*, <br><br> Defendant(s). | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br><br><br> CIVIL ACTION NO. <br> 5:11-CV-00060-C <br><br><br><br> ECF |

## ORDER

Plaintiff Kirk Asa Fregia, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Steven R. Swift and Don A. Jenkins, in both their individual and official capacities, and the Texas Department of Criminal Justice "TDCJ") for alleged violations of his constitutional rights when he was incarcerated in the TDCJ Price Daniel Unit in Snyder, Texas. Plaintiff was subsequently granted permission to proceed *in forma pauperis*. Plaintiff specifically alleges that when he returned to the Daniel Unit on May 27, 2010, after back surgery on May 6, 2010, TDCJ Lt. Jenkins forced him to carry items weighing more than 50 pounds even though he knew that Plaintiff was medically restricted from carrying more than 10 pounds due to the surgery. Jenkins advised Plaintiff that he was enforcing a policy newly enacted by Senior Warden Swift. Plaintiff contends that the enactment and enforcement of this policy constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment under 42 U.S.C. § 1983; he was denied treatment and medication for his pain in violation of the Eighth Amendment

under 42 U.S.C. § 1983; and the policy violated his rights under the Americans with Disabilities Act ("ADA"). Plaintiff seeks monetary damages.

The complaint was transferred to the docket of the United States Magistrate Judge, who ordered authenticated copies of Plaintiff's prison records that were relevant to his complaint and notified authorities that a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), would be scheduled. The Magistrate Judge conducted a *Spears* evidentiary hearing on April 21, 2011, and Plaintiff testified under oath.

Although Plaintiff consented to proceed before the United States Magistrate Judge, the Defendants did not. Pursuant to this Court's Order entered on April 11, 2011, therefore, the Magistrate Judge entered a Report and Recommendation and transferred the case back to this Court on December 30, 2011. Plaintiff filed objections to parts of the Report and Recommendation on January 9, 2012.

This Court has made an independent examination of the pleadings, the pending motions, and the record in this case and finds that Plaintiff's objections should be overruled and the Magistrate Judge's findings and conclusions should be ADOPTED.

It is, therefore, **ORDERED**:

(A)   Plaintiff's claims against all Defendants regarding deliberate indifference to his medical treatment under 42 U.S.C. § 1983 are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915 for failure to state a claim.

(B)   Defendants' Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915, filed on June 22, 2011, is GRANTED.

(C)   Plaintiff's claims against Defendants Swift and Jenkins in their official capacities for violation of the medical restriction under 42 U.S.C. § 1983 are DISMISSED with prejudice because they are entitled to Eleventh Amendment immunity.

(D) Plaintiff's ADA claims against Defendants Swift and Jenkins in their individual capacities are DISMISSED with prejudice.

(E) Plaintiff's claims against TDCJ regarding violation of the medical restriction are DISMISSED with prejudice.

JUDGMENT SHALL BE ENTERED ACCORDINGLY.

(F) The following claims remain in this case:

(1) Plaintiff's ADA claims against TDCJ and Defendants Swift and Jenkins in their official capacities only; and

(2) Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 against Defendants Swift and Jenkins in their individual capacities insofar as Plaintiff alleges that Jenkins forced him to carry items in violation of his medical restrictions pursuant to a policy established by Swift in violation of his Eighth Amendment rights.

(G) Pursuant to Fed. R. Civ. P. 16(b), the Court establishes the following schedule for the two claims remaining in this case:

(1) All motions to join other parties and amend the pleadings must be filed by 3:00 p.m. on May 7, 2012.

(2) All other pretrial motions, including motions for summary judgment, must be filed, with supporting briefs, by 3:00 p.m. on June 5, 2012, and any response must be filed by 3:00 p.m. on July 5, 2012.

(3) All discovery must be completed by 3:00 p.m. on May 7, 2012, as follows:

(a) Defendant(s) shall disclose to Plaintiff all records of the incident forming the basis of Plaintiff's complaint, which records shall include, but shall not be limited to the following:

(i) Plaintiff's medical records pertaining to the incidents made the basis of Plaintiff's complaint, which medical records shall include Plaintiff's records from any TDCJ unit at which he received medical examinations or treatment concerning the denial of medical care and all records from any private physician or medical treatment facility pertaining to Plaintiff's claims.

    (ii) Plaintiff's grievances filed for the six-month period surrounding the incident date(s).

 (b) All parties shall disclose the following:

    (i) The name, and if known, the address or employment station of each person likely to have information that bears significantly on any claim or defense.

    (ii) As to each person named in response to paragraph (3)(b)(i) above, a brief summary of the substance of the information known by the person.

**There shall be no further discovery without leave of the Court.**

(4) All parties will be notified by separate order of the date of trial and the date for filing the proposed pretrial order.

(5) Counsel and unrepresented parties are referred to the Local Rules of the Northern District of Texas, the Civil Justice Cost and Delay Reduction Plan of the Northern District of Texas, and the Local Rules of this Court.

(H) Plaintiff's request for a continuance filed on February 9, 2012, is DENIED. Plaintiff is admonished that it is his responsibility to keep the Court informed of his current address and failure to do so may result in the dismissal of his complaint.

DATED March _5_, 2012.

_____
SAM R. CUMMINGS
United States District Judge

4